UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD CALHOUN,

                              Petitioner,          9:05-CV-0889
                                                   (GLS)(DRH)

           v.

SUPERINTENDENT ARTUS,

                              Respondent.
_____

APPEARANCES:

DONALD CALHOUN
Petitioner, *pro se*
92-B-1473
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

DAVID R. HOMER, MAGISTRATE JUDGE

**ORDER**

       The Clerk has sent to the Court a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 by Donald Calhoun.  Petitioner, who is presently confined at Clinton

Correctional Facility, has also filed an application to proceed *in forma pauperis*.

       In his habeas petition, Petitioner states that he was convicted in Oswego County

Court in February, 1992, on charges of burglary in the third degree, possession of

burglary tools and petit larceny.  Petition at 2.  It appears that Petitioner was sentenced

as a persistent felony offender to a term of fifteen years to life imprisonment.  *Id*.

Petitioner claims that his sentence was unauthorized and illegal because it was based

upon facts not presented to and found by a jury, and that he received ineffective

assistance of counsel.  *Id*. at 5.

In this case, although Petitioner states in his petition that his appeal of the 1992 convictions was denied by the Appellate Division, Fourth Department, on July 13, 2004 (see Petition at 3), that date appears to be incorrect.  Petitioner's convictions and sentence were affirmed by the Fourth Department in 1994 and the Court of Appeals denied Petitioner leave to appeal by order dated January 3, 1995.  People v. Calhoun, 206 A.D.2d 862, 616 N.Y.S.2d 272 (4th Dept. 1994), lv. to appeal den., 84 N.Y.2d 1029, 623 N.Y.S.2d 185 (1995).  See also People v. Calhoun, 2003 WL 23407518 *1 (N.Y. Co. Ct. Apr. 7, 2003) (denying motion to vacate sentence).

In addition, Petitioner previously filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in the Northern District challenging his 1992 convictions and sentence.  The petition was denied and dismissed by Order of District Judge Norman A. Mordue filed August 12, 1999.  Calhoun v. Walker, 6:97-CV-0550 (NAM/GLS) (Dkt. No. 42).

When a petition is second or successive, the petitioner must seek an order from the appropriate Circuit Court of Appeals -- in this case the Second Circuit --  that authorizes the District Court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A).  The Circuit Court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b) ]."  28 U.S.C. § 2244(b)(3)(c).[1]  In this case, the Second Circuit has not issued an order authorizing the District Court to consider this

---

[1]  To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) newly discovered evidence that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense."  28 U.S.C. § 2244(b)(2).

2

successive application for habeas relief.

In Liriano v. United States, 95 F.3d 119 (2d Cir. 1996), the Second Circuit

discussed the procedure to be followed where a second or successive application is

filed by a state prisoner unaccompanied by the required § 2244(b)(3) authorization.

That Court held:

> [W]hen a second or successive petition ... is filed in a district court without
> the authorization by this Court that is mandated by § 2244(b)(3), the
> district court should transfer the petition or motion to this Court in the
> interest of justice pursuant to [28 U.S.C.] § 1631.

Id. at 123.

Since petitioner has previously filed a petition seeking habeas relief under

§ 2254 concerning the convictions at issue in the present petition, and he has not

obtained the authorization discussed above permitting this Court to consider his

petition, the Court must transfer this petition to the Second Circuit.  Liriano, 95 F.3d at

123.

In light of the transfer of this action, the Court makes no ruling on petitioner's *in

forma pauperis* application, thereby leaving that determination to the Court of Appeals.

WHEREFORE, it is hereby

ORDERED, that this action is transferred to the United States Court of Appeals

for the Second Circuit for the reasons stated above, and it is further

ORDERED, that the Clerk serve a copy of this Order on the petitioner.

IT IS SO ORDERED.

Dated: August 2, 2005
        Albany, New York

David R. Homer

United States Magistrate Judge

3